E-filing

Jeremy S. Golden (SBN 228007)
Law Offices of Eric F. Fagan
2300 Boswell Rd., Suite 211
Chula Vista, CA 91914
jeremy@efaganlaw.com
Tel: 619-656-6656; Fax: 775-743-0307
Attorney for Plaintiff ALEXANDRA FRITZLER

FILED
JUN 29 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ALEXANDRA FRITZLER, an individual;

    Plaintiff

v.

NCO PORTFOLIO MANAGEMENT, INC.; HUNT AND HENRIQUES; and DOES 1 through 10 inclusive,

    Defendants.

Case No.: C09-02911 CW

**COMPLAINT (Unlawful Debt Collection Practices)**

## I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

//

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff ALEXANDRA FRITZLER is a natural person residing in California.

4. Defendant NCO PORTFOLIO MANAGEMENT, INC. ("NCO") is a Delaware Corporation doing business in California of collecting consumer debts owed to another; its principal place of business located at 507 Prudential Road, Horsham, PA 19044. Its Agent for Service of Process is CT Corporation System, 818 West Seventh St., Los Angeles, CA 90017.

5. Defendant HUNT & HENRIQUES ("H&H") is a California Law Partnership regularly engaged in attempting to collect debts owed to another through litigation in this state; its principal place of business is 151 Bernal Road, Suite 8, San Jose, CA 95119.

6. Defendants are all engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C.§1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

7. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the

true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

8. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C.§1692a(3).

9. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C.§1692a(5).

10. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

11. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS

12. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

13. At a time unknown, NCO acquired information regarding an alleged debt (the "DEBT" or the "ACCOUNT") on a credit card in Plaintiff's name which originated with Sears; the card had allegedly been used to purchase household goods and services.

14. In or around 1996, Plaintiff made her last charge on the ACCOUNT.

15. In or around January 1998, Plaintiff made her last payment on the ACCOUNT.

16. On February 26, 2009, Defendants filed suit in the Superior Court of California, County of Contra Costa, Case No. L09-01903 (the ACTION).

17. The ACTION was time-barred.

18. In the ACTION the Defendants requested $2,450.57.

19. In the ACTION the Defendants falsely stated that Plaintiff incurred the debt within the previous four years.

20. In the ACTION the Defendants falsely represented that Plaintiff was indebted to Defendants in the amount of $2,450.57 plus interest and attorney fees.

21. On April 16, 2009, Plaintiff's counsel served on Defendants an Answer to the ACTION.

22. The Answer alleged that the ACTION was time-barred; nevertheless, Defendants continued to pursue the ACTION.

23. On April 24, 2009, Defendants, despite their knowledge that Plaintiff was represented by counsel, sent a collection letter directly to Plaintiff.

24. The collection letter demanded payment of $4,437.58.

25. The collection letter implied that Defendants would obtain a judgment in the ACTION and report said judgment on Plaintiff's credit report.

26. On May 4, 2009, Plaintiff served discovery in the ACTION.

27. Defendants did not respond to the discovery.

28. Defendants ultimately dismissed the ACTION on or about June 2, 2009.

29. As a result of the acts alleged above, Plaintiff suffered emotional distress. Further, Plaintiff was forced to incur legal expenses in defense of the ACTION.

## V. FIRST CLAIM FOR RELIEF

### (Against all Defendants for Violation of the FDCPA)

30. Plaintiff repeats and realleges and incorporates by reference all of the foregoing paragraphs.

31. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following actions taken against the Plaintiff:

   (a) The Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with the Plaintiff after the Defendant knew that the Plaintiff was represented by an attorney;

   (b) The Defendants violated 15 U.S.C. § 1692c(c) by contacting the Plaintiff after the Plaintiff had notified the debt collector in writing that the Plaintiff refuses to pay the debt and/or that the Plaintiff wishes the debt collector to cease further communication;

(c) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt;

(d) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(e) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(f) Defendants violated 15 U.S.C. §1692e(2)(A) by misstating the status of the debt as implying that the Defendant would prevail in the Action;

(g) The Defendants violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

(h) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(i) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

(j) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law;

32. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

//
//
//
//
//
//

## VI.  SECOND CLAIM FOR RELIEF

**(Against all Defendants for Violation of the Rosenthal Act)**

33. Plaintiff repeats, realleges and incorporates by reference all of foregoing paragraphs.

34. Defendants violated the Rosenthal Act, by including but not limited to, the following:

   (a) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

35. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

36. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

1. Actual damages;
2. Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);
3. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);
4. For such other and further relief as the Court may deem just and proper.

Date: 6/26/09

Jeremy S. Golden
Attorney for Plaintiff